IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

DAVID ELLIS FISHER,

          Defendant.

Case No. 20-CR-44-CVE

## REPORT AND RECOMMENDATION

Defendant's Motion to Dismiss Indictment, [Dkt. 78], has been referred to the undersigned United States Magistrate Judge for report and recommendation. The matter has been fully briefed, [Dkt. 78, 82], and is ripe for determination.

Defendant seeks dismissal of the charges against him, arguing that Internal Revenue Service Agent Pauletta Churchwell engaged in allegedly outrageous conduct in the investigation of the case against him. According to Defendant, dismissal of the case is appropriate under *U.S. v. Russell*, 411 U.S. 411, 431-432 (1973).

In *U.S. v. Russell*, the Supreme Court suggested that there may be cases where "the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." 411 U.S. at 432. The Tenth Circuit has considered the topic in numerous cases, and recently in *United States v. Wagner*, 951 F.3d 1232, 1253 (10th Cir. 2020), the Tenth Circuit summarized the applicable principles, as follows:

> "When the government's conduct during an investigation is sufficiently outrageous, the courts will not allow the government to prosecute offenses developed through that conduct because [doing so] would offend the Due Process Clause of the Fifth Amendment." *Pedraza*, 27 F.3d at 1521 (quotations omitted). To prove outrageous government conduct, the defendant must

show "either (1) excessive government involvement in the creation of the crime, or (2) significant governmental coercion to induce the crime." *United States v. Dyke*, 718 F.3d 1282, 1288 (10th Cir. 2013) (quotations omitted). Under "the totality of the circumstances[,] ... the government's conduct [must be] so shocking, outrageous and intolerable that it offends the universal sense of justice."  *Perrine*, 518 F.3d at 1207 (quotations omitted).

"Excessive government involvement occurs if the government engineers and directs the criminal enterprise from start to finish." *Pedraza*, 27 F.3d at 1521 (quotations omitted).  It is not excessive for the government "to infiltrate an ongoing criminal enterprise" or "to induce a defendant to repeat or continue a crime or even to induce him to expand or extend previous criminal activity." *Dyke*, 718 F.3d at 1288 (quotations omitted). The government can, for instance, "suggest the illegal activity," "provide supplies and expertise for the illegal activity," and "act as both supplier and buyer in sales of illegal goods." Id. (quotations omitted).

Governmental coercion must be "particularly egregious [to] rise[ ] to the level of outrageous conduct." Pedraza, 27 F.3d at 1521.  "[I]f the defendant is already involved in criminal activity similar to the type of crime the government is attempting to induce him to commit, then the government's conduct is a less important consideration." *Dyke*, 718 F.3d at 1289 (quotations omitted); see also United States v. Pawlak, 935 F.3d 337, 344 (5th Cir. 2019) (holding that "[a] defendant who actively participates in the crime may not avail himself of [this] defense" (quotations omitted)).

The instant case does not present a situation that even approaches the criteria for dismissal outlined above.  Defendant has been charged with three counts of subscribing and filing materially false federal income tax returns, in violation of 26 U.S.C. 7206(1).  The indictment alleges, *inter alia*, that Fisher willfully signed and filed U. S. Individual Income Tax Returns (Forms 1040) for the years 2013, 2014 and 2015 that were materially false in that they substantially under reported the gross receipts of his business, A -1 Power Tongs. As alleged in the Indictment, the 2013 return was filed on March 7, 2014, the 2014 return

was filed on April 7, 2015, and the 2015 return was filed on January 16, 2016. The audit of Defendant's tax returns by Internal Revenue Agent Churchwell began in June of 2016, six months after the 2015 return was filed and more than three years after the 2013 return was filed. It would thus have been impossible for the agent to have been involved in the alleged falsification of Defendant's tax returns, or to have allegedly coerced the falsification of those returns.

Based on the foregoing, the undersigned United States Magistrate Judge RECOMMENDS that Defendant's Motion to Dismiss Indictment, [Dkt. 78], be DENIED.

In accordance with 28 U.S.C. §636(b) and Fed.R.Crim.P. 59(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before November 9, 2020.

If specific written objections are timely filed, Fed.R.Crim.P. 59(b)(3) directs the district judge to:

> consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th

Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 26th day of October, 2020.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE