**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-CR-0044-CVE-CDL** |
| | ) | |
| **DAVID ELLIS FISHER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is the report and recommendation (Dkt. # 90) of a magistrate judge

recommending that the Court deny defendant's motion to dismiss (Dkt. # 78).  Defendant has filed

a timely objection (Dkt. # 94) to the report and recommendation and a request for hearing (Dkt. #

95).  Plaintiff, the United States of America, has not filed a response to defendant's objection or

request, and the time to do so has expired.

**I. BACKGROUND**

On March 4, 2020, a grand jury returned an indictment charging defendant with three counts

of willfully making and subscribing a false income tax return, in violation of 26 U.S.C. § 7206.  Dkt.

# 2.  The indictment charges that defendant's 2013, 2014, and 2015 tax returns were materially false

and that they substantially under-reported gross receipts of defendant's business, A-1 Power Tongs.

Id.  On October 1, 2020, defendant sought to dismiss the charges against him based on allegedly

outrageous conduct perpetrated in the investigation of the case against him.  Dkt. # 78.  In that

motion, defendant argued that Internal Revenue Service (IRS) agent Paulette Churchwell (formerly

Paulette Manning) racially profiled defendant; conferred with plaintiff's expert regarding defendant's

case; held "secret meetings" with defendant's tax preparer (who also had power of attorney for defendant), Karey Vann, and defendant's bookkeeper, Theresa Prewitt, regarding defendant's taxes; told Vann and Prewitt not to alert defendant to her investigation; failed to inform defendant of his rights while under investigation; and failed to provide exculpatory evidence to the grand jury.  Dkt. # 78, at 1-2.  Defendant argued that much of this misconduct occurred while Churchwell was under investigation for misconduct perpetrated while an employee of the IRS.  Id.

Plaintiff responded that these activities did not constitute the kind of outrageous conduct that would deprive plaintiff of his procedural due process rights, predominantly because Churchwell was not involved in defendant's case until June 2016, which was at least six months after he had filed the allegedly false tax returns.  Dkt. # 82, at 2-3.  Plaintiff stated that as a result, it is impossible to say that Churchwell aided in the creation of defendant's crime.  Plaintiff also noted that courts have considered only whether the conduct  of "law enforcement officers" is so outrageous as to be violative of due process. Because Churchwell is a civil government employee, plaintiff argues that the standard is inapplicable.  Id.

The magistrate judge issued a report and recommendation that defendant's motion should be denied, finding that the conduct alleged in the motion did not approach the outrageous conduct required to be considered violative of defendant's due process rights.  Dkt. # 90, at 2.  Defendant now objects to that recommendation (Dkt. # 94).

## II. LEGAL STANDARD

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation.  However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation.  Schrader v.

Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

### III. ANALYSIS

Defendant objects to the report and recommendation based on new evidence received relating to agent Churchwell's employee misconduct. Defendant's underlying argument is that Churchwell used "outrageous" techniques to improperly "develop the criminal willfulness element" of defendant's alleged crime. Dkt. # 94, at 5. "When the government's conduct during an investigation is sufficiently outrageous, the courts will not allow the government to prosecute offenses developed through that conduct because prosecution in such a case would offend the Due Process Clause of the Fifth Amendment." U.S. v. Pedraza, 27 F. 3d 1515, 1521 (10th Cir. 1994) (internal citations and quotations omitted). "To prove outrageous government conduct, the defendant must show 'either (1) excessive government involvement in the creation of the crime, or (2) significant governmental coercion to induce the crime.'" United States v. Wagner, 951 F.3d 1232, 1253 (10th Cir. 2020) (quoting United States v. Dyke, 718 F.3d 1282, 1288 (10th Cir. 2013)). "Under 'the totality of the circumstances[,] . . . the government's conduct [must be] so shocking, outrageous and intolerable that it offends the universal sense of justice.'" Id. (quoting United States v. Perrine, 518 F.3d 1196, 1207 (10th Cir. 2008)). "Excessive government involvement occurs if the government engineers and directs the criminal enterprise from start to finish." Pedraza, 27 F.3d at 1521 (quotations omitted). "It is not excessive for the government 'to infiltrate an ongoing criminal enterprise' or 'to induce a

defendant to repeat or continue a crime or even to induce him to expand or extend previous criminal activity.'" Wagner, 951 F.3d at 1253 (quoting Dyke, 718 F.3d at 1288). "The government can, for instance, suggest the illegal activity, provide supplies and expertise for the illegal activity, and act as both supplier and buyer in sales of illegal goods. Id. (quotations omitted).

Defendant argues that the sole reason the magistrate judge found defendant's allegations "did not 'approach' the criteria for dismissal" is because the magistrate judge "could not have possibly understood how seamlessly the government's investigation of [Churchwell] fit with this very prosecution" without additional evidence of Churchwell's misconduct. Id. at 2. In support of his objection, plaintiff submitted seven exhibits to the Court: the Tenth Circuit's opinion in United States v. Pedraza, 27 F. 3d 1515 (10th Cir. 1994); excerpts of the February 4, 2020 depositions of Karey Vann and Theresa Prewitt; the "Examining Officer's Activity Record" for the case against defendant, which was completed by Churchwell; plaintiff's response to defendant's explanation regarding certain bank accounts belonging to defendant; an online article regarding the IRS's Special Enforcement Program (SEP); and, finally, excerpts of an investigation report prepared regarding Churchwell's misconduct as an employee of the IRS. The objection raises no new arguments.

The Court has reviewed the new information and finds the report and recommendation should be affirmed. The additional information regarding Churchwell's misconduct has no bearing on the commission of defendant's crime. No evidence shows that Churchwell was involved in any aspect of defendant's life prior to June 2016, at least six months after defendant filed the allegedly false tax returns. Given that fact, there is no way that Churchwell could have created or induced the crime as required under Wagner. Dkt. # 90, at 4. Defendant's argument in his motion to dismiss and his objection–that Churchwell's investigatory tactics aided in the "creation" of "the criminal willfulness

4

element" of the crime–is without merit.  "To prove outrageous government conduct, the defendant must show 'either (1) excessive government involvement in the creation of the crime, or (2) significant governmental coercion to induce the crime.'" Wagner, 951 F.3d at 1253 (quoting Dyke, 718 F.3d at 1288).  "Excessive government involvement occurs if the government engineers and directs the criminal enterprise from start to finish." Pedraza, 27 F.3d at 1521 (quotations omitted). Defendant has not shown how Churchwell engineered or directed defendant's tax filing.  Further, defendant has not demonstrated how any of Churchwell's actions coerced or induced defendant to file allegedly false tax returns.  Without any evidence or allegations as to how Churchwell's conduct either created the crimes of filing false tax returns for 2013, 2014, and 2015 (all filed prior to Churchwell's investigation of defendant) or how Churchwell coerced defendant to file those returns, defendant's motion to dismiss necessarily fails.  As a result, the request for hearing on the matter is also denied.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 90) is **accepted**, the motion to dismiss (Dkt. # 78) is **denied,** and the request for hearing (Dkt. # 95) is **denied**.

**DATED** this 16th day of December, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

5