UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CR-0044-CVE-CDL |
| | ) |
| DAVID ELLIS FISHER, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Now before the Court is defendant's motion to reconsider (Dkt. # 125) the Court's December 16, 2020 opinion and order (Dkt. # 117), which affirmed the magistrate judge's report and recommendation (Dkt. # 90) to deny defendant's motion to dismiss the indictment (Dkt. # 78).[1] Plaintiff, the United States of America, has filed a response to defendant's motion to reconsider (Dkt. # 126).

I. BACKGROUND

Briefly, defendant was indicted for filing materially false tax returns for calendar years 2013, 2014, and 2015. Dkt. # 2. Defendant sought to dismiss the indictment on the grounds that plaintiff engaged in outrageous conduct when investigating defendant's tax returns, in violation of defendant's due process rights. The "outrageous conduct" alleged was based on the actions of an Internal Revenue Service (IRS) agent who, while investigating defendant's conduct, allegedly (i) racially profiled defendant, (ii) conferred with plaintiff's expert regarding defendant's case, (iii) held

---

[1] The Court's December 16, 2020 opinion and order (Dkt. # 117) details the background of the case. Dkt. # 117, at 1-2. The background recited therein has not been challenged and will not be reiterated here.

"secret meetings" with defendant's tax preparer and defendant's bookkeeper regarding defendant's taxes, (iv) did not alert defendant to her investigation, (v) failed to inform defendant of his rights while under investigation, and (vi) failed to provide exculpatory evidence to the grand jury. Dkt. # 78, at 1-2. Plaintiff responded that these activities did not constitute the kind of outrageous conduct that would deprive defendant of his procedural due process rights, predominantly because the IRS agent was not involved in defendant's case until at least six months after he allegedly committed the crimes. Dkt. # 82, at 2-3.

The magistrate judge issued a report and recommendation that defendant's case "does not present a situation that even approaches the criteria for dismissal" on the grounds of outrageous conduct. Dkt. # 90, at 2. Because the IRS agent had not been involved until after the alleged crime had taken place, the magistrate judge found it was "impossible for the agent to have been involved in the alleged falsification of Defendant's tax returns, or to have allegedly coerced the falsification of those returns." Id. at 3. Defendant timely objected to that report and recommendation (Dkt. # 94), stating the IRS agent "developed the criminal willfulness element" of the alleged crime through her improper investigation of defendant's past tax activity. Dkt. # 94, at 5. In support of the objection, defendant submitted evidence that the IRS agent was under investigation for her own misconduct while she was investigating defendant. Dkt. # 117, at 4. Plaintiff did not respond to defendant's objection.

After reviewing the record and additional materials, the Court accepted the magistrate judge's report and recommendation. This Court held that "[w]ithout any evidence or allegations as to how [the IRS agent's] conduct either created the crimes of filing false tax returns for 2013, 2014, and

2015 (all filed prior to [the IRS agent's] investigation of defendant) or how [the IRS agent] coerced defendant to file those returns, defendant's motion to dismiss necessarily fails." Dkt. # 117, at 5.

Defendant now moves the Court to reconsider its opinion and order (Dkt. # 117). In his motion to reconsider, defendant argues that "[w]hile all elements of the crime must exist at the time of the filing of the [i]ndictment, proof of the elements of willfulness and materiality can be discovered *at any time* prior to the submission of the case to the jury." Dkt. # 125, at 2. Defendant proceeds to argue that the evidence plaintiff will likely present to prove its case (e.g., testimony regarding an allegedly hidden bank account) was manufactured by the IRS agent after defendant's returns were filed. Plaintiff responds (Dkt. # 126) that defendant's repeated attempts to dismiss the indictment by attacking the credibility of plaintiff's evidence of materiality and willfulness are in vain as "a challenge to the sufficiency of the evidence is not a proper ground to seek pre-trial dismissal of an [i]ndictment." Dkt. # 126, at 2.

After reviewing the motions, the Court finds that defendant does not raise any arguments that require the Court to reconsider its prior order. Further, the Court agrees with plaintiff that defendant's arguments do not state proper grounds for the dismissal of an indictment. As a result, defendant's motion to reconsider is denied.

## II. LEGAL STANDARD

The Federal Rules of Criminal Procedure do not contain a provision specifically allowing motions for reconsideration; however, numerous courts have noted that motions for reconsideration may be filed in criminal cases. See, e.g., United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003); United States v. Martin, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000); United States v. Clark, 984 F.2d 31, 33 (2d Cir. 1993). "Motions for reconsideration in criminal cases are governed by the rules that

govern equivalent motions in civil proceedings." <u>United States v. Hylton</u>, No. 217CR00086HDMNJK, 2020 WL 4516912, at *3 (D. Nev. Apr. 20, 2020), report and recommendation adopted, No. 217CR00086HDMNJK, 2020 WL 4516826 (D. Nev. Aug. 5, 2020).[2] A motion to reconsider may be granted for "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Torres v. Cintas Corp., No. 08-CV-0185-CVE-TLW, 2009 WL 2044796, at *1 (N.D. Okla. July 9, 2009).

Though defendant never states the specific grounds on which he brings his motion (or states the standard for a motion to reconsider at all), the Court presumes the defendant moves pursuant to the third rationale: to correct clear error or prevent manifest injustice.

### III. ANALYSIS

Defendant moves the Court to reconsider its decision not to dismiss the indictment. Defendant states that, because the IRS agent's "outrageous" investigation resulted in testimony that will be used as evidence of the elements of "materiality" and "criminal willfulness" of defendant's alleged crime, the indictment violates defendant's due process rights. Dkt. ## 125, at 2; 94, at 5. As discussed in the Court's earlier decision, only "[w]hen the government's conduct during an investigation is sufficiently outrageous, the courts will not allow the government to prosecute offenses developed through that conduct because prosecution in such a case would offend the Due Process Clause of the Fifth Amendment." Dkt. # 117, at 3 (quoting <u>U.S. v. Pedraza</u>, 27 F. 3d 1515, 1521 (10th Cir. 1994) (internal citations and quotations omitted)).  As outlined in the prior opinion

---

[2] This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. <u>See</u> Fed. R. App. P. 31.1; 10th Cir. R. 32.1.

and order, to demonstrate the government's outrageousness, defendant must show either "(1) excessive government involvement in the creation of the crime, or (2) significant governmental coercion to induce the crime.'" United States v. Wagner, 951 F.3d 1232, 1253 (10th Cir. 2020) (quoting United States v. Dyke, 718 F.3d 1282, 1288 (10th Cir. 2013)).  Defendant again fails to provide such evidence.  In fact, defendant's motion supports the contention that involvement of the IRS agent in defendant's life did not occur until at least six months after defendant filed the allegedly false tax returns.  Dkt. # 125, at 6 (noting that, as of the filing of the returns, the IRS agent "had not yet" met with defendant's bookkeeper and tax preparer regarding defendant).  Defendant again has not shown how the agent engineered or directed defendant's tax filings.  Defendant also does not endeavor to show how the Court erred in this finding as a matter of law.  As a result, defendant fails to demonstrate reconsideration of the prior order is warranted and the motion to reconsider is denied.

The Court notes that defendant's repeated attacks on the sufficiency and credibility of the evidence in this matter suffer from a more fundamental deficiency than a lack of factual support. The defendant fails to realize that challenges to the sufficiency and credibility of evidence are improper at this stage of the proceeding.  Defendant's arguments relate to the manner in which plaintiff adduced evidence of the crime and the credibility of that evidence.  Specifically, defendant notes that, to "prove a violation," "the government must establish" the criminal elements of the alleged crime (Dkt. # 125, at 3), and that "proof" of these "elements" came from secret meetings. Dkt. # 125, at 2.  These arguments make it clear that defendant seeks to challenge the sufficiency and credibility of the evidence undergirding plaintiff's indictment; however, "[c]hallenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the

5

government's evidence." United States v. Todd, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994)).

"On a motion to dismiss an indictment the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." Id. at 1068 (citing United States v. Sampson, 371 U.S. 75, 78–79 (1962)). "For the most part, that question does not involve any examination of the evidence." Id. at 1068. When considering whether to dismiss an indictment, examination of evidence is acceptable only in "limited" instances "where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." Id. (quoting Hall, 20 F.3d at 1088). "Pretrial dismissal based on undisputed facts is a determination that 'as a matter of law, the government is incapable of proving its case beyond a reasonable doubt' and is a "rare exception." Id. (quoting Hall, 20 F.3d at 1088). Unless defendant can show, through undisputed facts, that he "could not have committed the offense for which he was indicted," the indictment will not be dismissed on the basis of the adequacy of the evidence used to secure the indictment. Id. As the facts of this case are disputed, this limited exception is inapplicable and defendant's challenges to plaintiff's evidence are not appropriate at this stage.

**IT IS THEREFORE ORDERED** that the motion to reconsider (Dkt. # 125) is **denied**.

**DATED** this 13th day of January, 2021.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE